■ In the Matter of J. LOWENBRAUN, INC., Petitioner, v J. ROGER BARBER, Individually and as Commissioner of Agriculture and Markets of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner a renewal of its food salvager's license. Petitioner is a corporation engaged in the business of salvaging food, and pursuant to article 17-B of the Agriculture and Markets Law, it must annually obtain a license from respondent Commissioner of Agriculture and Markets so that it may continue operating as a food salvager. In accordance with this statutory requirement, it applied on May 14, 1975 for a renewal of its license for the year July 1, 1975 to June 30, 1976. No license was issued, however, and a hearing was conducted on November 7, 1975 to determine what action should be taken on the application. The hearing officer thereafter recom-

mended that the application be denied because of violations by petitioner of article 17-B and the rules and regulations promulgated thereunder, but respondent made no final determination at that time. With these circumstances prevailing, petitioner continued to salvage food while awaiting respondent's determination, and in February of 1978 the hearing on the license request was reopened to consider new and additional matters relating to a possible denial of petitioner's application. Following the conclusion of the reopened hearing, the new hearing officer who had been appointed also recommended that the subject license not be renewed, and in a final determination dated September 14, 1978, respondent adopted this recommendation and declined to renew the license. He further ordered petitioner to discontinue any food salvage operations at the close of business on the tenth day after it was served with a copy of the determination. This proceeding has ensued. We hold that the challenged determination should be confirmed. In so ruling we have examined article 17-B and the record herein, and find without merit petitioner's contention that the subject article is concerned with perishable and fresh foods, but not with petitioner's major stock in trade, i.e., canned foods. Additionally, ample evidence in the record indicates that the facilities at petitioner's place of business were continuously unsanitary and otherwise unsatisfactorily maintained, and that they repeatedly failed to pass inspections by officials from the Department of Agriculture and Markets. Under these circumstances, and in view of the obvious importance to the consuming public that foods be properly and safely packaged and distributed, respondent was plainly justified in concluding that petitioner's facilities were inadequate and that petitioner had failed over a long period of time to take appropriate action to rectify the situation (see Agriculture and Markets Law, § 220, subd [2]). Moreover, in view of the deplorable conditions which the inspectors discovered, the denial of petitioner's application to renew its license was justified as punishment, and was not a penalty so disproportionate to the offense as to shock one's sense of fairness. Thus, it should not be disturbed (cf. *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Mosner v Ambach,* 66 AD2d 912). Our resolution of these issues renders unnecessary our consideration of the conviction of petitioner's president of a crime in 1973, which was cited by the hearing officer at the reopened hearing as an alternative ground for denying a renewal of petitioner's license. Determination confirmed, and petition dismissed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.