■ In the Matter of JOHN CAPUTO, Doing Business as CAPUTO'S BAKERY, Petitioner, v J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent Commissioner of Agriculture and Markets of the State of New York, which denied the petitioner's application for renewal of his food

processing license and imposed $1,000 in fines. The petitioner owns and operates a bakery in Brooklyn, New York. On May 11, 1977, upon learning that a sanitary inspection of his bakery would be made, the petitioner gave the inspector $50 for a favorable report. The inspector led the petitioner to believe that his report would be favorable, but he reported the bribe to his superiors and also reported the various sanitary violations, consisting of weevils, an unscreened window, leaking shortening, four dead cockroaches and a freely roaming cat, that he found at petitioner's bakery. As a result, petitioner pleaded guilty to giving an unlawful gratuity to a public officer in violation of subdivision 5 of section 73 of the Public Officers Law and was fined $1,000. In February, 1978, petitioner's license expired and in June, 1978 petitioner applied for renewal. On July 13, 1978, the petitioner received a notice of hearing directing him to show cause why his request for renewal should not be denied. On the morning of July 24, 1978, prior to the scheduled hearing, another inspection of petitioner's premises was conducted and the petitioner received a favorable rating from the two inspectors. On the afternoon of the same day a "supervisory inspection" was conducted to insure the accuracy of the morning inspection, and this inspection, contrary to the one conducted in the morning, revealed 36 violations of law and of the rules and regulations of the Commissioner of Agriculture and Markets, overall of much the same nature as previously found, expanded by flies, paint chips, cigarette butts and ashes, adulterated dough, and employees without hair nets or hats. To establish the true nature of the sanitary conditions, a final inspection was conducted on October 4, 1978, the day before the hearing. The situation was noted to have vastly improved, but 17 deficiencies were still noted. The hearing was held on October 5, 1978, at which the petitioner appeared with his attorney. It was determined that petitioner had failed "to maintain good manufacturing sanitation practices and to maintain [a bakery] free from conditions which would result in contamination of food products and did not adequately maintain its physical plant as is necessary for sanitary operation". The petitioner's request for renewal of his license was denied and he was ordered to "divest himself * * * of all interest in said business which required a Food Processing Establishment License", and he was ordered to pay $1,000 in fines for the violations found. The petitioner was granted a full and fair hearing on the facts and was represented by an attorney who was permitted to cross-examine the department's witnesses. The procedure adopted satisfied due process. The determination made was adequately supported by substantial evidence, as outlined above. There is no evidence of petitioner's entrapment, as the bribe offered to the initial inspector had in no way been solicited by such inspector. Furthermore, the petitioner's plea of guilty is an admission of his guilt of the charge of bribing a public officer, which could be considered, and, in any event, his guilt thereto cannot be relitigated in this proceeding. Finally, the penalty imposed was not so excessive as to shock one's sense of fairness. The determination should be confirmed (Matter of J. Lowenbraun, Inc. v Barber, 73 AD2d 1024). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.