■ In the Matter of Ho-PENN GARAGE CORP., Petitioner, v ELINOR GUGGENHEIMER , as Commissioner of the Department of Consumer Affairs, Respondent.—Determination of respondent Commissioner of Consumer Affairs, made on or about August 28, 1975, revoking petitioner's garage parking license, confirmed, with $60 costs and disbursements to respondent. It is clear from the substantial evidence at the hearing that the corporation proposed to run the parking garage after suspension of petitioner's license was actually the alter ego of petitioner. That suspension was never appealed. This unsuccessful subterfuge would have completely negated the purpose of imposition of the original penalty. In the circumstances, a more severe penalty by revocation was entirely warranted. Concur—Lupiano, Lane and Markewich, JJ.; Kupferman, J., dissents in part in the following memorandum: The original penalty imposed of revocation of license was reduced to 90 days' suspension and a $350 fine by the commissioner after a remand by decision of the Supreme Court, New York County, entered on December 17, 1974, from which determination there was no appeal. It is the action of the petitioner's principal in arranging for another corporate entity to conduct the garage business during the suspension period, which led to its license revocation by decision of September 9, 1975 of the Commissioner of the Department of Consumer Affairs. I would modify to reimpose the previous suspension determination.