OPINION OF THE COURT
 

 Memorandum.
 

 In an article 78 proceeding, a petitioner may raise the question of whether a determination "was affected by an error of law” (CPLR 7803, subd 3). At the time of respondent’s determinations, each dated October 25, 1976, one canceling petitioner’s restaurant liquor license and the other disapproving a renewal application, it was an unlawful discriminatory practice "to make an inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation * * * which was followed by a termination of that criminal action or proceeding in favor of such individual” (Executive Law, § 296, subd 14, eff Sept. 11, 1976). While it was permissible to consider the independent evidence of the conduct leading to the criminal charges against Harry Gordon, a shareholder, director and officer of petitioner, and although there was substantial evidence to support the findings of suffering or permitting prostitution at the licensed premises and of the likelihood that renewal would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law, it was error to predicate disapproval of the renewal application, albeit in part, on the finding that Gordon was "arrested and indicted” for a criminal charge subsequently dismissed. Thus, though there was substantial evidence for the determination in respect to cancellation, it is not for courts to speculate what penalty would have been imposed if the dismissed criminal charges had not been made one of
 
 *697
 
 the bases for respondent’s determination in respect to renewal.
 

 Accordingly, the judgment of the Appellate Division should be modified, without costs, and the matter in respect to renewal remitted to Supreme Court, New York County, with directions to remand to respondent to reconsider the sanction imposed based on its findings other than the arrest and indictment of Gordon and, except as so modified, said judgment should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Judgment modified, without costs, and the matter remitted to Supreme Court, New York County, with directions to remand to the State Liquor Authority for reconsideration of the sanction imposed, in accordance with the memorandum herein and, as so modified, affirmed.