■ In the Matter of KOSHER BAKERS, INC., Petitioner, v J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent Commissioner of Agriculture and Markets of the State of New York revoking petitioner's food processing establishment license unless petitioner complies with certain conditions. Petitioner, a corporation, owns and operates a wholesale bakery in Brooklyn, New York, and had previously been licensed under article 20-c of the Agriculture and Markets Law. In January of 1978 and January of 1979, petitioner filed applications for license renewals. The applications were signed by Gerald Shapiro, vice-president of petitioner and the son of petitioner's president. The record reveals that, prior to the filing of the applications, petitioner was convicted on a plea of guilty of bribery in the second degree, a felony, and fined $4,000. The conviction resulted from Gerald Shapiro's bribe of an inspector employed by respondent to induce the inspector to write a false favorable report. The investigation of the inspector revealed 11 deficiencies relating to unsanitary conditions. After a hearing, it was determined that petitioner's license would be revoked if petitioner failed to sever all connections with Gerald Shapiro. In the event petitioner terminated Gerald Shapiro from its operations, the license would be suspended for 30 days. The sole issue is whether the punishment imposed is harsh, arbitrary or shocking. Our

review is limited to determining whether the punishment imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ., 34 NY2d 222, 233)*. We believe it is not and are to confirm (see *Schaubman v Blum*, 49 NY2d 375; *Matter of Caputo v Barber*, 76 AD2d 1029). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Casey, JJ., concur.