■ In the Matter of R & S BAKERY, INC., Doing Business as CAPITOL BAKERY, Appellant, v J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered September 8, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate an order issued by the Commissioner of the Agriculture and Markets Department suspending petitioner's food processing license for 30 days and assessing $1,600 in penalties. Petitioner operates a bakery in Albany and, pursuant to article 20-C of the Agriculture and Markets Law, it must annually obtain a license from respondent Commissioner of Agriculture and Markets so that it may continue to function as a food processing establishment. Petitioner obtained its last article 20-C license only after it agreed to pay a penalty of $2,400 for failing to maintain adequate sanitary standards. The penalty was based upon six inspections conducted during the period from June 13, 1977 through July 5, 1978. Subsequent inspections conducted by the department revealed further violations of sanitary standards. Inspections conducted on May 22 and September 20, 1979 adduced evidence of rodent infestation, varying degrees of soil and encrusted matter on food contact surfaces, peeling paint on walls and deteriorating tables and floors. Additional inspections conducted on January 7 and January 23, 1980 revealed some minor improvements; however, petitioner was still not in compliance with adequate sanitation standards. As a result of these sanitary violations, a hearing was held on January 28, 1980 to consider revocation of petitioner's license. The hearing officer found that petitioner failed to maintain adequate sanitation in its establishment as evidenced by violations contained in inspection reports of May 22 and September 20, 1979 and January 7 and 23, 1980. The findings and conclusions of the hearing officer were adopted by respondent commissioner in a final determination dated March 18, 1980 and petitioner was ordered to close its bakery for 30 days and was fined $1,600. Special Term confirmed the determination and this appeal ensued. By stipulation of the parties, the appeal is limited to the question of whether the penalty imposed by the commissioner was an abuse of discretion. Preliminarily, we note that the $1,600 assessment is not self-executing and thus is not final *(Matter of Brings Shortenings v Wickham,* 36 AD2d 553, 554). Consequently, the monetary assessment is not reviewable in this proceeding *(Matter of Dairylea Coop. v Dyson,* 55 AD2d 413, 416). Turning to the propriety of the 30-day suspension, we note that article 20-C of the Agriculture and Markets Law regulates the granting, suspending and revocation of licenses for food processing establishments. Its purpose is "to assure that foods processed in New York state and offered for sale for human consumption are pure and wholesome and that the food processing

establishments, in which such foods are manufactured or processed, conform to proper operating and sanitary standards" (Agriculture and Markets Law, § 251-z-1). In order to fulfill this goal, the Commissioner of Agriculture and Markets is vested with the power to suspend a license whenever he determines that an establishment is not operated in a sanitary manner (see Agriculture and Markets Law, § 251-z-5, subds [2], [3], [4]). The record evidences that petitioner's bakery was not in compliance with the sanitary standards. Petitioner's establishment failed to pass at least four inspections conducted by officials from the Department of Agriculture and Markets. In view of this conduct by petitioner and its clear failure to maintain adequate sanitation standards, the respondent's determination to suspend petitioner's license for 30 days was justified. Furthermore, it was not " ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness".' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Additionally, we note that section 251-z-5 of the Agriculture and Markets Law provides the commissioner with specific statutory authority for imposing a suspension as a penalty. The Department of Agriculture and Markets, as the agency charged with the responsibility of licensing food processing establishments, must be allowed broad discretion in tailoring administrative sanctions so that the strong public interest in assuring that foods are properly processed is protected (cf. *Schaubman v Blum,* 49 NY2d 375, 379-380). Accordingly, we see no reason to upset the judgment of Special Term. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.