◼ In the Matter of JOHN M. LACEY, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the State of New York Department of Correctional Services, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services terminating petitioner's probationary employment as a correction officer, the appeal is from a judgment of the Supreme Court, Kings County (Dowd, J.), dated January 13, 1983, which, *inter alia,* granted the petition, annulled the determination and directed the reinstatement of the petitioner retroactive to April 13, 1982. Judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for a hearing in accordance herewith. Effective September 8, 1981, petitioner was appointed as a correction officer in the employ of the New York State Department of Correctional Services for a probationary term of one year. During the first two weeks of the petitioner's training he was cited for various violations of the employees manual of rules and academy rules and regulations including reporting late and being unprepared for class. An employee evaluation rating from January 14, 1982 until the end of February, 1982, revealed however, that the petitioner received an over-all performance rating of "good", with not one of the 10 performance factors rated below par. Also noted on the form under the heading *"Supervisor's Comments"* was the statement that the petitioner "shows the potential of being a good officer". On March 31, 1982 the petitioner was arrested for unlawful possession of a pistol and a quantity of cocaine. The next day his employer filed a report entitled "UNUSUAL INCIDENT REPORT" in which the petitioner's arrest was described as follows: "[the petitioner] was placed under arrest with three other unidentified subjects for possession of a 22 [*sic*] Caliber sterling automatic pistol and a quantity of cocaine". The report recommended that the petitioner's probationary employment be terminated. In a letter dated April 6, 1982, the petitioner was notified that his probationary employment was terminated effective April 13, 1982. The petitioner alleges that he was advised by Wilson J. Walters, the Superintendent of the Ossining Correctional Facility, that his termination was due solely to the pending criminal charges, and that upon dismissal of those charges he would be reinstated. On April 27, 1982, a certificate of disposition was issued by the Criminal Court of the City of

New York indicating that the criminal charges against the petitioner in connection with his arrest had been dismissed. The petitioner then provided a copy of this certificate to the Superintendent of the Ossining Correctional Facility and to the Albany office of the Department of Correctional Services and requested reinstatement. By letter dated June 15, 1982, the Department of Correctional Services denied the petitioner's request, and he thereupon commenced this CPLR article 78 proceeding to review the determination denying his reinstatement. Based upon a consideration of the above facts, Special Term properly determined that the petitioner's termination and the refusal to reinstate him were caused "principally, if not entirely, by his arrest", and that absent a consideration of the arrest, the totality of the record was insufficient to support a finding that the petitioner's performance was not satisfactory so as to justify his discharge. Special Term erred, however, in ordering that the petitioner be reinstated without a hearing (see *Matter of Cacchioli v Hoberman,* 31 NY2d 287; *Matter of Perry v Blair,* 49 AD2d 309; *Matter of Reeves v Golar,* 45 AD2d 163). Special Term based its determination upon CPL 160.60, which provides that: "Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling. Except where specifically required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution". Public policy demands that law enforcement officers, as well as persons in other sensitive public positions, be held to a high standard of conduct (see *Matter of Cacchioli v Hoberman, supra; Matter of Shedlock v Connelie,* 66 AD2d 433, affd 48 NY2d 943). CPL 160.60 should not be read as foreclosing a governmental agency, such as the Department of Correctional Services, from inquiring into an employee's misconduct in evaluating his fitness for employment (see concurring opn of Jasen, J., in *Matter of Cacchioli v Hoberman, supra; Matter of St. Oharra v Colucci,* 67 AD2d 1104). In this case the Commissioner of the Department of Correctional Services should be allowed to inquire into the facts surrounding the petitioner's arrest. We also note that a hearing is required as to whether there was substantial compliance with 4 NYCRR 4.5 (a) (5) (iii) (see *Reilly v Shaw,* 81 AD2d 610; *Matter of Rosenberg v Wickham,* 36 AD2d 881). Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.