■ In the Matter of K.C.B. BAKERIES, INC., Petitioner, v DONALD G. BUTCHER, as Commissioner of the Department of Agriculture and Markets of the State of New York, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's license to operate a food processing establishment.

On June 6, 1977, Kosher Bakeries, Inc. (hereinafter Kosher) in Brooklyn was inspected by a representative of the Department of Agriculture and Markets. Gerald Shapiro, the son of the owner and then vice-president of Kosher, offered the inspector a bribe of $50 to alter his inspection report listing deficiencies. Although Shapiro was thereafter indicted for the bribery, the indictment was dismissed upon Kosher's plea of guilty to the felony and the payment of a $4,000 fine by Kosher.

After a hearing on Kosher's license renewal application, respondent ruled that unless Kosher severed all ties with Shapiro, Kosher's license would be revoked. If Kosher severed those ties, the license would be suspended for 30 days. Kosher appealed that determination pursuant to CPLR article 78 and this court determined that the punishment was not harsh, arbitrary or shocking to the court's sense of fairness (Matter of Kosher Bakers v Barber, 79 AD2d 799).

Kosher then reorganized under the name of petitioner, K.C.B. Bakeries, Inc. Petitioner, the successor to Kosher, was 80% owned by Shapiro's father. Petitioner's application for a license for 1981 showed that Shapiro was no longer a corporate officer or owner. As a condition for granting the license, respondent required each of the officers and owners to sign affidavits stating: "Gerald Shapiro is not now and will not be employed by or participate in the operations of [petitioner] and he has no financial interest in or association with [petitioner] and will not be allowed to acquire any such interest in [petitioner]". Subsequently, petitioner and Shapiro disregarded the affidavits. The Department thereafter became aware that Shapiro was again involved in the operation of petitioner, and proceedings were begun to consider revoking petitioner's license.

Subsequent to a hearing, a final determination was issued on October 2, 1986 revoking petitioner's license. Petitioner then commenced a CPLR article 78 proceeding to review that determination and to reopen the hearing to receive further

evidence. Upon agreement, the article 78 proceeding was discontinued and the hearing reopened to receive further testimony and evidence. The report of the Hearing Officer in recommending that petitioner's license be revoked stated: "The record unequivocably establishes that both Gerald Shapiro and his attorney, George L. Santangelo knowingly disregarded the agreement of understanding between the Department and the respondent which was relied upon by the Department in granting previous licenses to [petitioner]." Respondent's final determination agreed with the finding of the Hearing Officer.

Petitioner then commenced this CPLR article 78 proceeding to annul respondent's determination. Petitioner submitted an affidavit of Shapiro explaining his understanding of the restrictions placed on him. Respondent's answer to the petition contained an affidavit of Dr. Laurence Crowell and three exhibits from respondent's files. The exhibits were not entered in evidence at the hearing. These documents and correspondence indicate the intent of the parties to permanently bar Shapiro from association with petitioner. Supreme Court denied petitioner's motion to strike these documents and exhibits from the record, finding that the documents presented by respondent have been "submitted in opposition to factual allegations made by an officer of the petitioner [Gerald Shapiro] which do not constitute part of the record of the hearing". Supreme Court then signed an order transferring the proceeding to this court pursuant to CPLR 7804 (g).

We find no merit to petitioner's contention that the determination of respondent is not supported by substantial evidence. Placing Shapiro in a management position with knowledge of his past conduct and in the face of the affidavits intending to permanently bar Shapiro from petitioner's employ is evidence of lack of "good character". Evidence of such is a valid reason for denial of a license (Agriculture and Markets Law § 251-z-3). The wording of the affidavits that Shapiro "is not now and will not be employed by or participate in the operations of [petitioner]" is not disputed. This constitutes more than rumor or conjecture and supplies the substantial evidence for the license revocation.

We also reject petitioner's claim that the penalty of revocation is unduly harsh and an abuse of discretion. Here, there was evidence of a blatant disregard of the Department's clear direction that Shapiro be permanently barred from petitioner's employ. In these circumstances, the penalty was not so disproportionate to the offense as to shock one's sense of

fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *see also, Matter of Ho-Penn Garage Corp. v Guggenheimer,* 57 AD2d 764, *affd* 43 NY2d 757).

Petitioner's contention that respondent did not have the power to impose the condition that Shapiro be perpetually barred from working for petitioner is not persuasive. A license confers "a personal privilege to be exercised under existing restrictions and such as may thereafter be imposed" (35 NY Jur, Licenses and Permits, § 20, at 176 [1964]). A license may be revoked where the licensee "has violated a validly imposed condition, in connection with the operation of the business" (35 NY Jur, License and Permits, § 21, at 179 [1964]; *see also, Matter of Glen & Mohawk Milk Assn. v Barber,* 77 AD2d 127, *lv denied* 52 NY2d 704). The Department has "broad discretion in tailoring administrative sanctions so that the strong public interest in assuring that foods are properly processed is protected" *(Matter of R & S Bakery v Barber,* 79 AD2d 809, 810, *lv denied* 53 NY2d 601). In addition, this court has already decided that it was not arbitrary and capricious to require Shapiro to sever all ties from his father's bakery *(see, Matter of Kosher Bakers v Barber,* 79 AD2d 799, supra).

We also reject petitioner's argument that it is against public policy to permanently bar Shapiro from working for petitioner. Shapiro was not forever barred from working in the baking industry. He was merely restricted from working in one particular bakery in Brooklyn. The locale here was of significance *(see, Matter of Barton Trucking Corp. v O'Connell,* 7 NY2d 299, 313) since barring Shapiro from the family bakery in Brooklyn would insure that he would not again commit any similar wrongdoing, which was apparently precipitated by Shapiro's attempt to avoid displeasing his father by an unfavorable report *(see,* Correction Law § 752). It is not relevant that Shapiro was not convicted of a crime. The Department's decision barring him was not based on his indictment but on his illegal conduct which he freely admitted. Independent evidence of the conduct which led to the charges may properly be considered in denying renewal of a license *(see, Matter of Skyline Inn Corp. v New York State Liq. Auth.,* 44 NY2d 695; *see also, Matter of Kenner v Coughlin,* 105 AD2d 1130, *lv denied* 65 NY2d 760).

Finally, we find no error in Supreme Court's refusal to strike respondent's affidavit and exhibits from the record.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.