Hon. David Axelrod Commissioner, New York State Department of Health
Your counsel has asked whether a favorable disposition under section160.50(2) of the Criminal Procedure Law includes favorable dispositions of out-of-state courts.
By way of background, we note that a hospital cannot be operated in New York State without the express approval of the Public Health Council ("PHC") (Public Health Law, § 2801-a[1]). The PHC has broad power to inquire into an applicant's background. Many factors may be taken into account, including the need for the proposed institution; the character and fitness of the sponsors of the institution; their financial resources; and any other matters the PHC shall deem to be relevant (id., § 2801 a[3]; see 10 NYCRR §§ 600.2, 600.5, etseq.).
Your counsel indicated that the Department is currently considering applications for the establishment of head trauma facilities at several locations throughout the State. The Department has learned that one applicant was charged in Lynn, Massachusetts with committing unnatural acts and corruptly offering gifts to influence official acts (Massachusetts General Laws, ch 272, § 35, ch 268A, § 2).*
The applicant's counsel has submitted a copy of the court order which dismissed all charges against the applicant and sealed the record in the interests of substantial justice (Commonwealth of Massachusetts v[applicant] [DC, Lynn, Criminal Action No. 3442, July 1, 1988]). The court found that the defendant is a man of outstanding reputation, had no prior criminal record and that the incident giving rise to the criminal proceeding was an isolated incident involving extenuating circumstances. The court found it to be in the interests of society that the defendant not be hampered in the conduct of his business. Further, the court found it unlikely that the defendant will in the future be the subject of a criminal proceeding and that maintenance of the criminal record in the case would not serve any valid law enforcement goal. The court further directed that "the record relating to such action be purged/sealed".
Section 296 was added to the Human Rights Law (Executive Law, art 15) in 1976. It defines and makes illegal certain discriminatory practices. In addition to the prohibitions against discrimination based on race, creed, color, national origin, sex, age, disability or marital status, the statute seeks to protect persons who have been arrested or accused of a crime, yet never convicted (Executive Law, § 296[16]). Subdivision 16 applies to governmental agencies that issue licenses, and prohibits them from making any inquiry about, or acting adversely as a result of
 "any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law" (ibid.).*
In addition, section 160.60 of the Criminal Procedure Law provides that upon the termination of a criminal action or proceeding in favor of an individual "as defined in subdivision two of section 160.50" of the CPL, the arrest and prosecution are to be declared a nullity; the arrest may not serve as a disqualification for any position or profession; and, subject to certain exceptions, the individual may not be required to divulge information relating to the arrest or prosecution (Criminal Procedure Law, § 160.60).**
In order to take advantage of the salutary effect of these statutes, therefore, there must be a favorable termination of the criminal proceeding.
Section 160.50(2) lists twelve categories of favorable terminations. Each of these categories, whether it be a dismissal of an accusatory instrument (CPL, § 160.50[2][b]), a verdict of not guilty (id.,
§ 160.50[2][c]), or a dismissal in the interests of justice (id.,
§ 160.50[2][b]), refer to a dismissal pursuant to a particular section of the CPL setting forth standards and procedures for the particular dismissal:
 ". . . a criminal action or proceeding against a person shall be considered terminated in favor of such person where:
 "(a) an order dismissing the entire accusatory instrument against such person pursuant to article four hundred seventy was entered; or
 "(b) an order to dismiss the entire accusatory instrument against such person pursuant to section 170.30, 170.50, 170.55, 170.56, 170.75, 180.70, 210.20 or 210.46 of this chapter or section 81.25
of the mental hygiene law was entered . . . or
 "(c) a verdict of complete acquittal was made pursuant to section 330.10 of this chapter; . . ." (CPL, § 160.50[2]).
Although out-of-state dispositions are not explicitly listed among the favorable dispositions set forth in section 160.50(2), we believe that it was the Legislature's intent to include comparable out-of-state dispositions as favorable dispositions for purposes of CPL, § 160.50
when coupled with Executive Law, § 296(16). The purpose of the Human Rights Law is to protect persons who obtain one of the enumerated "favorable dispositions". In Matter of Hynes v Karassik (47 N.Y.2d 659
[1979]), the Court of Appeals discussed the purpose and import of these anti-discriminatory provisions:
 "The statute serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation. That detriment to one's reputation and employment prospects often flows from merely having been subjected to criminal process has long been recognized as a serious and unfortunate by-product of even unsuccessful criminal prosecutions.
. . .
 "Consistent with the statute's remedial purpose, is its intended application to any criminal action or proceeding terminated in favor of the person accused. The broad definition thus encompasses an expansive class of dispositions, including acquittal and various specified dismissals and vacaturs, regardless of whether premised on grounds unrelated to guilt or innocence (see CPL 160.50, subd 2)" (Matter of Hynes, 47 N.Y.2d at 662-663).
In our view, the salutary effect of Executive Law, § 296(16) encompasses favorable dispositions made in other jurisdictions which are comparable to the favorable dispositions set forth in section160.50 of the Criminal Procedure Law.* Several factors support this conclusion, not the least of which is section 300 of the Executive Law. Section 300 provides that the provisions of the Human Rights Law "shall be construed liberally for the accomplishment of the purposes thereof". Inasmuch as the purpose of section 296 of the Executive Law is to prohibit discrimination against persons who have received favorable dispositions, that protection should also be afforded to persons who receive comparable favorable dispositions from courts outside of New York State.
By way of illustration, a person who has been acquitted of criminal charges, whether the acquittal occurs in New York, Massachusetts or elsewhere, has received a favorable disposition: the jury has failed to find that he was guilty of the charges beyond a reasonable doubt. To deny an individual protection because the disposition occurred in another state, when the same result would have been obtained in New York, serves no rational purpose, and could not have been the intent of the Legislature.
At the same time, not every favorable termination of a criminal action or proceeding entitles the defendant to the protections of the Human Rights Law. The definition of favorable disposition is not that broad; it is limited to the twelve delineated categories set forth in CPL, §160.50(2). We believe the limitation of favorable disposition to these particular scenarios is significant. Had the Legislature intended a universal definition, it could have provided that any disposition other than a guilty verdict constitutes a favorable disposition. The Legislature retains some measure of control in this way; the benefits of the Human Rights Law are extended only to persons whose dispositions meet the definition set forth in section 160.50(2) of the Criminal Procedure Law.
We turn now to the question of whether the disposition received by the applicant in this case, the dismissal of the criminal charges, and the sealing/purging of the records of those charges in the "interest . . . of substantial justice" is equivalent to any of the favorable dispositions set forth under CPL, § 160.50(2). The only equivalent analogy is the New York provision for a dismissal of criminal charges in the interests of justice (CPL, §§ 210.40 [dismissal of indictment]; 170.40 [dismissal of other accusatory instruments]).
Under the Criminal Procedure Law, a dismissal of an accusatory instrument is allowed when there is no legal basis for the dismissal, yet a compelling factor exists which the court decides, in its discretion, requires dismissal of the charges. Sections 170.40 and 210.40 provide a list of factors which must be considered by the judge considering a dismissal in the interests of justice:
 "In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
 "(a) the seriousness and circumstances of the offense;
"(b) the extent of harm caused by the offense;
 "(c) the evidence of guilt, whether admissible or inadmissible at trial;
 "(d) the history, character and condition of the defendant;
 "(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
 "(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
 "(g) the impact of a dismissal upon the confidence of the public in the criminal justice system;
 "(h) the impact of a dismissal on the safety or welfare of the community;
 "(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
 "(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose" (CPL, §§ 170.40[1], 210.40[1]).
The requirement that all these criteria be considered was added to the CPL in 1979 (L 1979, ch 966; CPL §§ 170.40, 210.40). As Judge Bellacosa noted in his practice commentaries with regard to the formalization of the dismissal criteria:
 "On the other hand, what must be guarded against, and this amendment helps, is arbitrary or even perhaps corrupt terminations of prosecution; the amendment helps by compelling judges to consider and articulate real reasons and by making that adjudication and the articulated reasons reviewable, presumably against a record supporting the reasons. Thus, in the appellate process not only the exercise of the discretionary particulars but even possible abuse of discretion in so acting, usually a law question, can be examined and corrected" (McKinney's Practice Commentaries, CPL, § 210.40).
Unlike New York, in Massachusetts there are no statutory criteria for a dismissal in the interests of justice. The remedy is a common law one (see Commonwealth v Brandano, 359 Mass. 332, 269 N.E.2d 84 [1971]; Massachusetts Rules of Criminal Procedure, Rule 12 [general authority and criteria for dismissal of criminal actions and proceedings]). Obviously, a Massachusetts court which considers a motion to dismiss in the interests of justice is not required to take into consideration the factors set forth in section 210.40 of New York's Criminal Procedure Law. More significantly, however, the Massachusetts court is not required to consider any factors comparable to those set forth in section 210.40.
The absence of any requirement that the Massachusetts court consider factors comparable to those found in section 210.40 indicates that the judgment is not comparable or equivalent to a favorable disposition under New York law.
We note that the judgment at issue here makes reference to some of the criteria set forth in section 210.40; the defendant's history and character are discussed (see CPL, § 210.40[1][d]), as is his attitude and the likelihood of his ever committing another crime (see id., § 210.40[1][h], [i]). Totally absent, however, is any discussion of the evidence of defendant's guilt (see id., § 210.40[1][c]); any misconduct on the part of arresting officer (see id., § 210.40[1][e]); and any impact of the dismissal upon the confidence of the public in the criminal justice system (see id., § 210.40[1][g]). There is no indication that any of these factors were considered by the court in reaching its decision.*
The dismissal of criminal charges in the interests of justice is a highly particularized, singular form of relief. It is extraordinary and exceptional relief, carefully defined by statute in New York. Many jurisdictions may allow courts to dismiss criminal proceedings on discretionary grounds, but unless there is a requirement that certain objective criteria be considered, that discretionary relief is not comparable to the particularized relief provided by sections 170.40 and 210.40.
We conclude that the discretionary dismissal in the immediate case, unfettered by any statutory guidelines such as those set forth in the Criminal Procedure Law, is not comparable to a dismissal in the interests of justice, as that disposition is defined by sections 170.40
and 210.40 of the Criminal Procedure Law.**
* A newspaper article reporting the applicant's arrest was sent anonymously to the Department of Health.
* Notwithstanding this restriction, prospective employers of applicants for positions as police and peace officers, together with governmental bodies involved in licensing guns, firearms and deadly weapons may make inquiry in this area (Executive Law, § 296[16]; seeMatter of Lacey v Coughlin, 97 A.D.2d 824, 825 [2d Dept, 1983]).
** In addition to Executive Law, § 296(16) and Criminal Procedure Law, § 160.60, which limit the inquiry into criminal proceedings terminated in favor of the accused, section 160.50 of the CPL provides a procedure by which the records of such proceeding can be sealed. The prosecutor is given an opportunity to express his views as to sealing the records, and if the court finds that the interests of justice require it, the records will be sealed (CPL, § 160.50[1]; see Matter ofDondi, 63 N.Y.2d 331 [1984]; Matter of Hynes v Karassik, 47 N.Y.2d 659
[1979]; People v Amiger, 109 A.D.2d 1095 [4th Dept, 1985]).
* We do not address the application of section 160.50 to dispositions of out-of-state criminal proceedings where the provisions of the Human Rights Law are not directly involved.
* We also note that the court's decision is somewhat ambiguous as to the grounds for the dismissal. Although it provides that the purging/sealing of the record is in the best interests of the applicant, law enforcement and substantial justice, there is no similar finding that the dismissal itself is in the interests of substantial justice.
** We note that we have not been asked, nor do we address, the effect to be given the Massachusetts judgment under the Full Faith and Credit Clause of the United States Constitution (US Const, Art IV, § 1). InMatter of Farmland Dairies v Barber (65 N.Y.2d 51 [1985]), the leading New York case in this area, the Court of Appeals gave effect to a particular New Jersey judgment which contained a broad prohibition that the conviction was not to be used for evidentiary purposes in any civil proceeding, thus barring the consideration of the conviction in a subsequent New York licensing proceeding. The Massachusetts judgment, therefore, should be examined in light of the Full Faith and Credit Clause and the holding in Farmland.