■ In the Matter of 53RD STREET RESTAURANT CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [632 NYS2d 815] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated January 7, 1994, which, after a hearing, suspended the petitioner's liquor license for a period of 10 days.

Adjudged that the determination is confirmed and the proceeding is dismissed, with costs.

The petitioner's license to sell alcoholic beverages for on-premises consumption was suspended because the petitioner was found to have permitted gambling on the premises in violation of Alcoholic Beverage Control Law § 106 (6), and to have maintained a video gambling device on the premises in violation of 9 NYCRR 53.1 (t). These same charges led to a prior criminal prosecution which was terminated with an adjournment in contemplation of dismissal and the records were ordered sealed. Notwithstanding the sealing of the file, the arresting police officer retained copies of various official police documents to which, over the petitioner's objections, he was permitted to refer to refresh his recollection during the administrative hearing. The petitioner contends that this constitutes an error of law which requires that the determination be annulled. We disagree.

It is uncontroverted that the file of the criminal prosecution was sealed. However, contrary to the petitioner's contentions, the mere erroneous use of the sealed records, without more, does not compel vacatur of the determination (*see, Matter of Charles Q. v Constantine*, 85 NY2d 571). The detective was free to testify from memory and the respondent was free to adduce "independent evidence of the conduct leading to the criminal charges" (*Matter of Skyline Inn Corp. v New York State Liq. Auth.*, 44 NY2d 695, 696). Upon our review of the entire record, we find that substantial evidence of the petitioner's conduct was adduced independent of the testimony which the detective admitted was the result of refreshing his recollection with documents he should not have possessed (*see, Matter of Charles Q. v Constantine, supra; Matter of Skyline Inn Corp. v New York State Liq. Auth., supra; Matter of K.C.B. Bakeries v Butcher*, 144 AD2d 894).

Furthermore, the 10-day license suspension imposed for the

instant violations was not shocking to one's sense of fairness (*see, Matter of Tom's Log Cabin v New York State Liq. Auth.*, 214 AD2d 492; *Matter of Tom's Log Cabin v New York State Liq. Auth.*, 186 AD2d 203; *Matter of Roan Amber Inn v New York State Liq. Auth.*, 184 AD2d 770; *Matter of 59 Corner Corp. v New York State Liq. Auth.*, 175 AD2d 282).

The petitioner's remaining contentions are without merit (*see, Matter of Plato's Cave Corp. v State Liq. Auth.*, 68 NY2d 791; *Matter of Tom's Log Cabin v New York State Liq. Auth.*, 186 AD2d 203, *supra*). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.