■ Property Clerk of New York City Police Department, Appellant, v Newell T. Taylor, Respondent. [654 NYS2d 745] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 14, 1996, which granted defendant's posttrial motion to dismiss this action under Administrative Code of the City of New York § 14-140 seeking forfeiture of defendant's automobile, unanimously affirmed, without costs.

The action was properly dismissed because, with respect to the charge of patronizing a prostitute in the fourth degree, a class B misdemeanor (Penal Law § 230.03), the testimony of the undercover officer did not show a sufficient nexus between defendant's use of his car and his alleged patronizing of a prostitute (*compare, Property Clerk, N. Y. City Police Dept. v Small*, 153 Misc 2d 673, 676). With respect to the charges of criminal possession of a controlled substance in the seventh

degree, a class A misdemeanor (Penal Law § 220.03), and unlawful possession of marihuana, a violation (Penal Law § 221.05), the testimony of the chemist that the substances she tested were cocaine and marihuana was not based on any independent recollection but rather her review of lab reports that had been sealed pursuant to CPL 160.50, and without which plaintiff could not show that defendant had committed a crime, let alone used his car in furtherance thereof (*cf., Matter of 53rd St. Rest. Corp. v New York State Liq. Auth.*, 220 AD2d 588). We have considered plaintiff's other contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Rubin and Mazzarelli, JJ.