■ In the Matter of QUADON H., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [866 NYS2d 693]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Richmond County (DiDomenico, J.), dated November 29, 2007, which, after a hearing, granted that branch of the respondent's motion which was to suppress his statement to law enforcement officials and dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, that branch of the respondent's motion which was to suppress his statement to law enforcement officials is denied, the petition is reinstated, and the matter is remitted to

the Family Court, Richmond County, for further proceedings consistent herewith.

On May 22, 2007 following an attempted burglary of a dwelling, the police recovered eight latent fingerprints from the scene. Utilizing a police computer database, the police matched the recovered fingerprints to the respondent. The respondent's fingerprints were present in the database because, in June 2006, he had been fingerprinted in connection with an unrelated robbery. No charges were filed in connection with that matter and those fingerprints should have been destroyed pursuant to Family Court Act § 354.1. Following the fingerprint match, the respondent was taken into custody. The respondent then provided the police with a handwritten, inculpatory statement. Following a pretrial suppression hearing, the Family Court granted that branch of the respondent's motion which was to suppress his statement to law enforcement officials reasoning that, as the police's retention and use of the respondent's prior fingerprints constituted a violation of Family Court Act § 354.1, the police lacked probable cause to arrest the respondent.

As the Presentment Agency correctly concedes, Family Court Act § 354.1 requiring the destruction of the respondent's fingerprints was violated since no petition was filed in connection with the incident which led to that arrest. However, the Presentment Agency contends that the violation of Family Court Act § 354.1 does not warrant suppression. We agree.

In *People v Patterson* (78 NY2d 711 [1991]), the Court of Appeals held that an adult defendant's right to have his or her photograph destroyed pursuant to CPL 160.50 did not implicate fundamental constitutional interests or considerations and thus, suppression for a violation of that statute was not warranted (*see People v Gilbert,* 136 AD2d 562 [1988]). Family Court Act § 354.1 provides juvenile respondents with a similar statutory right as provided by CPL 160.50. Here, as in *Patterson,* the right conferred on the respondent pursuant to Family Court Act § 354.1 to have his fingerprints destroyed does not implicate fundamental constitutional interests or considerations. Hence, the violation of Family Court Act § 354.1, "does not, without, more, justify suppressing of evidence to which that violation leads" (*People v Greene,* 9 NY3d 277, 280 [2007]). There are no additional circumstances present in this case to support the Family Court's decision to suppress the respondent's statement to law enforcement officials. Therefore, the Family Court should have denied that branch of the respondent's motion which was to suppress his statement to law enforcement officials and the petition must be reinstated. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur. [*See* 18 Misc 3d 367 (2007).]