OPINION OF THE COURT
Jacqueline B. Deane, J.
In this neglect proceeding pursuant to article 10 of the Family Court Act, the respondent is alleged to have perpetrated acts of domestic violence against the subject children’s mother in their presence and used excessive corporal punishment on the child T.P. on December 18, 2014, which placed the children at risk of physical and emotional harm. Administration for Children’s Services (ACS) also charged the respondent with misuse of alcoholic beverages. In addition to this Family Court proceeding, the respondent was arrested and prosecuted in the criminal justice system for the same acts. This related criminal case was dismissed and sealed on June 10, 2015. Respondent has argued that documents from that sealed criminal case should not have been used by the arresting officer to refresh his recollection of the relevant events prior to his testimony at this neglect fact-finding hearing, and that as a result his *740 testimony should be stricken. On cross-examination, the arresting officer, Officer Cochran, testified that, before coming to court to testify at the neglect fact-finding hearing on January 6, 2015, he reviewed his criminal court paperwork, including the complaint and arrest reports, the Domestic Incident Report (DIR) and his memo book to refresh his memory of the events leading up to his arrest of the respondent over one year prior.
The first issue this court must address is which of these documents, if any, were legally “sealed” pursuant to the operation of CPL 160.50 (1) (c), which states in pertinent part, “all official records [or] papers . . . relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office shall be sealed and not made available to any person or public or private agency.” The court finds that all of the documents reviewed by the Police Officer in this case, with the exception of his memo book, are covered by the plain language of the sealing statute.
While ACS argues that DIRs are different because they are required by law in cases where no arrest occurs, that distinction does not change the importance of enforcing the public policy behind the sealing statute in a case where an arrest does occur and the case is terminated favorably to the accused. The Court of Appeals has found that the legislature’s
“purpose in adding these provisions to the Criminal Procedure Law and the Human Rights Law was to ensure that the protections provided to exonerated accuseds be ‘consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.’ ” (Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d 128, 131 [1993], quoting Governor’s Mem approving L 1976, ch 877, 1976 McKinney’s Session Laws of NY at 2451.)
This policy is encapsulated in the language of CPL 160.60 which states that an arrest terminated in favor of an accused “shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution.” There are at least two Family Court decisions that have reached the conclusion that DIRs come under the purview of the sealing statute. (See Matter of B/L Children, Fam Ct, Kings County, Feb. 22, 2011, Gruebel, J., *741 docket No. NN-30879-80/10; Matter of J G, 2009 WL 7292304 [Fam Ct, Bronx County, Dec. 3, 2009, Nos. N-10689/09, N-10690/09, Drinane, J.].) While both of these cases dealt with the issue of whether sealed documents may be admitted into evidence in Family Court proceedings, this court sees no distinction between the question of the sealed DIRs’ direct admissibility and the question of whether the sealed documents may be used to form the basis for the Officer’s recollections of the events for which he is called to testify.
However, the court finds that an officer’s memo book is not a document intended to be sealed pursuant to CPL 160.50 (1) (c). The purpose of memo books, also referred to as “activity logs,” is to record limited information about an officer’s daily activities. Since memo books are required to be kept in the possession of the individual police officer either on their person or in their locker (see Matter of Gould v New York City Police Dept., 89 NY2d 267, 278 [1996], and New York City Police Department Patrol Guide, Procedure No. 212-08* this court finds that they do not constitute “records . . . relating to the arrest or prosecution ... on file with the division of criminal justice services, any court, police agency, or prosecutor’s office.” (CPL 160.50 [1] [c].) However, since this Officer reviewed three other much more detailed and comprehensive documents simultaneously which this court has found were legally sealed at the time, the Officer cannot now recreate what his refreshed memory would have been if it had been based solely on the memo book.
Contrary to ACS’s contention, this ruling will not hinder child protective cases from proceeding, even when the corresponding criminal case is sealed. The sealing statute does not prevent the officer from testifying from his independent memory of the events if he has one, or from attempting to refresh that memory through a review of documents that were not sealed, which might include ACS case notes of an interview with the police officer, the officer’s own memo book, or other records regarding the relevant events. (See Matter of 53rd St. Rest. Corp. v New York State Liq. Auth., 220 AD2d 588 [2d Dept 1995]; Property Clerk of N.Y. City Police Dept. v Taylor, 237 AD2d 119, 120 [1st Dept 1997].) This ruling will require *742 ACS attorneys to monitor the status of the corresponding criminal case, which is the best practice in any event given the overlapping issues involved, and, upon learning that a sealing order has been issued, instruct any police witnesses not to review any sealed documents before giving testimony in Family Court.
Petitioner has cited People v Patterson (78 NY2d 711, 713 [1991]) and Matter of Quadon H. (55 AD3d 834, 834 [2d Dept 2008]) as support for its argument that the Police Officer may use sealed documents to prepare for his testimony in Family Court. However, the court finds that these decisions involve very different factual scenarios than the one currently before this court. In both Patterson and Quadon H., the sealed items (a photograph and fingerprints, respectively) were used to locate the person ultimately arrested for a separate crime. The issues in those criminal cases were whether the evidence obtained separate and apart from the sealed item—namely an in-court identification in Patterson and a statement made by the respondent in Quadon H.—had to be suppressed because of taint from the improper use of the respective sealed items in obtaining them. The Second Department in Quadon H. held that the violation of the sealing provision “[did] not, without, more, justify suppressing of evidence to which [the] violation leads.” (55 AD3d at 835.) The instant case is distinguishable because it involves a witness’ direct use of the actual sealed evidence at the fact-finding hearing. If sealed evidence is permitted to be used in this way, there will be no practical effect of, consequence to, or enforcement of the sealing law in contravention of both the plain meaning of and the legislative intent behind the statute.
For the reasons stated, the court strikes the testimony of Officer Cochran given on January 6th. ACS has requested that, should Officer Cochran’s testimony be stricken, the court give ACS the opportunity to recall the Officer to conduct a further voir dire as to his independent recollection of the events to which he testified. ACS’s application is denied. Given that the Officer reviewed multiple sealed criminal records prior to his testimony on January 6th, he cannot be expected to recreate what, if any, memory he had prior to that date, nor would his testimony regarding an independent recollection, or one refreshed solely with the unsealed memo book, be credible to the court. As ACS has not rested its case, it is free to proceed with other witnesses or evidence.

 In fact, the Patrol Guide even requires that, upon the retirement of a police officer, activity logs are to be maintained by the officer as they “are frequently needed for purposes of criminal prosecution and civil litigation.” (Emphasis added.)