OPINION OF THE COURT
Jacqueline B. Deane, J.
In this neglect proceeding pursuant to article 10 of the Family Court Act, the respondent is alleged to have been a person legally responsible for the subject children and to have perpetrated acts of domestic violence against their mother in their presence on or about June 3, 2015 which placed the children at risk of physical and emotional harm. In addition to this Family Court proceeding, the respondent was also arrested and prosecuted in the criminal justice system for the same acts. This related criminal case was dismissed and sealed on January 5, 2016. Respondent has argued that the photographs taken by the police officer were sealed as part of that record and are therefore not admissible in this fact-finding hearing. Respondent also argues that the arresting officer should not have used the sealed documents to refresh her recollection prior to testifying at this neglect fact-finding; as a result, respondent requests that the Officer’s testimony be stricken.
The procedural history of the fact-finding hearing is relevant to the court’s decision in this case so it will be recited herein. The fact-finding hearing commenced on January 12, 2016 with the testimony of Officer Z. The respondent failed to appear on that date so his counsel chose to remain mute and not participate in the hearing. The Officer’s testimony was very brief and consisted primarily of her observations of the nonre-spondent mother when the Officer responded to a 911 call from *340 the home immediately after the alleged domestic violence incident took place. The Officer testified that “Ms. R[.] opened the door. She was very upset and crying . . . and she stated that her husband grabbed her by the hair and continuously punched her in the face until her nose was bleeding” and that the Officer observed swelling around her eyes, nose and lip. The Officer further testified that she had an independent recollection of this incident because “we take domestic jobs very seriously and when I arrived there when I saw Ms. R[.]’s face you can’t forget how she looked and how upset she was.” Petitioner also introduced into evidence criminal court documents and photographs of the mother taken by the Officer. After the Officer’s testimony was complete, the petitioner called caseworker M. to testify, at which point respondent’s counsel received a phone call from her client. Evidently, the respondent had gone to the criminal court to pick up the sealing order and was late to Family Court as a result. After respondent’s counsel moved orally to strike all of the criminal court related documents from evidence, the court granted an adjournment of the hearing and an opportunity for counsel to make her motion on papers.
Respondent’s motion was served on February 1st and petitioner responded on February 5th. In its response, petitioner consented to the striking of the criminal court documents which had been admitted as exhibit 1. While the Administration for Children’s Services (ACS) initially argued that the photographs should not be stricken because ACS believed the photos were provided to the caseworker by the mother, the caseworker’s subsequent testimony did not support that claim. Rather, the caseworker testified to the mother having shown her photographs on the mother’s phone that were different though “similar” to the ones that petitioner sought to admit.
On the next hearing date, respondent’s counsel called Officer Z. to the stand on his direct case. Officer Z. stated that, before coming to court to testify at the neglect fact-finding hearing on January 12, 2016, she reviewed her criminal court paperwork including the complaint report, the domestic incident report and memo book as well as the photographs. At that time, respondent moved to strike the Officer’s entire testimony including that of January 12th since the Officer had reviewed documents that were sealed by virtue of the criminal court dismissal order. The first issue this court must address is *341 whether the photograph and other documents reviewed by the Officer were legally “sealed” pursuant to the operation of Criminal Procedure Law § 160.50 (1) (c), which states in pertinent part, “all official records [or] papers . . . relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office shall be sealed and not made available to any person or public or private agency.” The court finds that, except for the memo book, all of the documents that Officer Z. reviewed in this case, including the photographs, are covered by the plain language of the sealing statute. (See Matter of T.P. [Tony G.], 51 Misc 3d 738, 741 [Fam Ct, Kings County 2016].)
Therefore, these photographs are part of the records sealed pursuant to the CPL and allowing them into evidence in this proceeding would constitute a violation of the sealing statute which the court will not permit. The Court of Appeals has found that the legislature’s
“purpose in adding these provisions to the Criminal Procedure Law and the Human Rights Law was to ensure that the protections provided to exonerated accuseds be ‘consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.’ ” (Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d 128, 131 [1993], quoting Governor’s Approval Mem, 1976 McKinney’s Session Laws of NY at 2451.)
With regard to the respondent’s oral motion to strike the testimony of Officer Z., that request is denied. As this court held in its prior decision, “[t]he sealing statute does not prevent the officer from testifying from his independent memory of the events if he has one.” (Matter of T.P. at 741.) Under the specific factual circumstances of this case, the court had the unique opportunity to observe the demeanor of the witness and finds that the Officer was credible in her testimony about her ability to independently remember the events of June 3, 2015 and, most specifically, Ms. R.’s physical appearance on that date. The Officer offered this testimony initially on direct. While criminal court documents that have been sealed should not be reviewed by an officer prior to testifying in another proceeding, the fact that such a review occurred does not, in and of itself, mandate that the officer’s testimony be stricken. Rather, the *342 court must ask the following questions: Is there sufficient credible evidence that the officer’s memory of the pertinent facts was not in need of refreshing? Did the officer simultaneously review unsealed documents which contained these same facts/ observations? While in many cases it will be virtually impossible for a witness to go back in time and recreate her memory after the refreshing event has occurred, that may not be true in every case. The specific factual scenario here is one of those unusual cases.
In this hearing, the Officer first testified about her clear memory of the events on the night of June 3rd before the issue of the use of any sealed documents had been raised. The court found the Officer to be extremely credible in her statement that she remembered the way the mother’s face looked and the circumstances of the police response. When asked if she had an independent recollection of her call to the case address on June 3, 2015, the Officer stated emphatically that she did. When asked why she recalled this case, the Officer stated, “[b]ecause we take domestic jobs very seriously and when I arrived there when I saw Ms. R[.]’s face you can’t forget how she looked and how upset she was.” Additionally, the Officer’s testimony was brief and did not contain the types of details that would be difficult to remember only six months later. Furthermore the Officer’s credibility was enhanced by her honest refusal to embellish facts that might have been helpful to the petitioner’s case. For example, she did not claim to have seen any of the children that night or to have any actual knowledge of whether they were present during the incident, but rather admitted that she concluded they were in the other room based on the voices she heard and the mother’s statement to that effect. On March 29th, when the Officer acknowledged having reviewed the documents before testifying on both dates, she was adamant that her memory of the domestic job was clear. When asked what the basis of her independent recollection of Ms. R. and the injuries she observed, the Officer answered, “I remember everything.” And when asked why she remembered everything, the Officer answered, “because the mother was really upset and she had like a busted lip, but we take every domestic call importantly so when I go there I like remember.” The testimony also revealed that the Officer had a practice of reviewing case related documents prior to testifying in the event she did not remember “every single little, little, little detail” and because she “like [s] to get the names correct when [she] come[s] to *343 court” but that in this case she recalled the incident independently anyway. The court had the unique opportunity to assess the witness’s demeanor when she gave her testimony and found her to be highly credible. While it certainly would have been preferable for petitioner to have advised the Officer not to review the documents, especially after learning the criminal case was sealed on January 12th, the court does not find it to be of legal consequence in this case.
Therefore, this court finds that the Officer had an independent recollection of her observations of the mother on the night of June 3, 2015 that was not in need of refreshing through her use of the criminal court documents that are now sealed. For that reason, the motion to strike is denied.