OPINION OF THE COURT
Alexander, J.
On this appeal we consider the question of whether suppression of in-court identification testimony is required where there has been a violation of CPL 160.50, to wit: the failure to return defendant’s photograph taken in connection with an unrelated charge which was dismissed and the file ordered sealed, and the subsequent use of that photograph in an identification procedure in relation to defendant’s prosecution in the instant proceeding. We conclude that suppression is not required.
On April 2, 1986, upon viewing a photographic array containing a photograph of defendant, complainant Michael Hagenbach identified defendant as one of the persons who assaulted and robbed him. That photograph had been taken at the time of defendant’s arrest in early 1986 in connection with an unrelated matter which had been dismissed without prejudice and the case file ordered sealed pursuant to CPL 160.50.[1] Despite that sealing order, some two months later the police used the photograph in the array which Hagenbach viewed. Defendant’s ensuing motion to suppress any in-court identification testimony was denied by the trial court because it concluded that the identification procedure was not tainted by the use of the subject photograph in the photo array. The Appellate Division affirmed defendant’s conviction of second *714 degree robbery, holding that use in a photo array of defendant’s photograph retained in violation of CPL 160.50 does not require per se suppression of in-court identification testimony. Leave to appeal was granted by a Judge of this Court.
Defendant argues that the use of his photograph in violation of CPL 160.50 implicated substantial constitutional rights and tainted the identification procedure such as to warrant suppression of any in-court identification testimony by Hagenbach. He argues further that the trial evidence was legally insufficient to support his conviction for robbery. We disagree. Although CPL 160.50 was violated, that violation did not infringe upon any constitutional right of the defendant sufficient to warrant invocation of the exclusionary rule. Furthermore, the trial evidence was sufficient to sustain defendant’s conviction of the crime of robbery.
I
The photograph used in the photo array in this case was obtained from a criminal file which had been ordered sealed some two months earlier. Thus, defendant was entitled to have the photograph returned to him; its retention by the police and use in the photo array violated CPL 160.50. While we find no authorization in that statute for the use in a law enforcement agency’s investigatory procedures of a photograph retained in violation thereof (cf., People v Dozier, 131 AD2d 587, lv denied 70 NY2d 711; People v London, 124 AD2d 254, lv denied 68 NY2d 1001), a statutory violation such as this does not warrant suppression of the identification testimony.
Defendant does not allege that the identification procedure was conducted under impermissible circumstances; he argues only that the use of the challenged photograph was improper and requires suppression. Moreover, he makes no claim that the taking of the photograph originally was in any way illegal. Thus, he does not challenge the reliability of the identification process, as indeed he could not inasmuch as the reliability of that process was unaffected by the use of the photograph. Finally, the violation of the statute does not in any way affect the proceedings to determine defendant’s guilt or innocence of the crimes charged.
Defendant argues, however, and our dissenting colleagues agree, that although no Fourth or Fifth Amendment right is at issue in this case, suppression is nevertheless mandated in *715 order to protect a "substantial right” conferred by CPL 160.50 and to further the underlying purposes of the exclusionary rule. Defendant and the dissent argue that the statute creates a "substantial right” that "relate[s] rather closely” to Fourth Amendment protections. However, a review of the legislative history of CPL 160.50 and related statutes enacted at the same time lead inevitably to the conclusion that the nature of that statutory remedy is unrelated to any Fourth or Fifth Amendment protections. Nor is there any indication that the use of a photograph retained in violation of CPL 160.50 should require suppression in an independent criminal proceeding of otherwise reliable, admissible identification evidence.
A defendant has no inherent or constitutional right to the return of photographs, fingerprints or other indicia of arrest where charges are dismissed (see, Matter of Molineux v Collins, 177 NY 395; see also, People v Anderson, 97 Misc 2d 408, 411). In New York, this entitlement to the return of such items is statutorily conferred by CPL 160.50, which became effective in September of 1976 (L 1976, ch 877, as amended by L 1977, ohs 835, 905). That statute (CPL 160.50), along with CPL 160.60 and Executive Law § 296 (14) (now § 296 [16]) (both of which were enacted at the same time as, and cross-reference CPL 160.50), was enacted as part of an over-all legislative package designed "to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction” (Governor’s Approval Mem in Support of S 9924-A, 1976 McKinney’s Session Laws of NY, at 2451).
In addition to creating a right to the return of a defendant’s photographs, fingerprints and palmprints, the Legislature made it an unlawful discriminatory practice under Executive Law § 296, except in specified cases, for any person or agency to inquire into or take adverse action in connection with the licensing, employment or providing of credit or insurance to an individual in regard to a favorably terminated criminal action (Executive Law § 296 [16]). Further, in order to restore accuseds "in contemplation of law, to the status [they] occupied before the arrest and prosecution,” CPL 160.60 provides that a favorably terminated criminal prosecution shall not operate as a disqualification "of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling,” and prohibits inquiry into such prosecution, except where authorized by statute or a court (see, People v *716 Gallina, 110 AD2d 847; People v Anderson, 97 Misc 2d 408, 412, supra).
The legislative history of CPL 160.50 does not at all support an intent on the part of the Legislature to create a constitutionally derived right. Rather, the Legislature’s objective in enacting CPL 160.50 and the related statutes concerning the rights of exonerated accuseds was to ensure that the protections provided be "consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law” (Governor’s Approval Mem, 1976 McKinney’s Session Laws of NY, at 2451). Indeed, the over-all scheme of the enactments demonstrates that the legislative objective was to remove any "stigma” flowing from an accusation of criminal conduct terminated in favor of the accused, thereby affording protection (i.e., the presumption of innocence) to such accused in the pursuit of employment, education, professional licensing and insurance opportunities (see, People v Anderson, 97 Misc 2d 408, supra).
Consistent with this objective, the Legislature established procedures, under article 15 of the Executive Law, for the filing and determination of complaints relating to unlawful discriminatory practices based on a previously terminated criminal action (Executive Law § 296 [16]; § 297 et seq.; see also, Anderson v City of New York, 611 F Supp 481 [violation of CPL 160.50 supports 42 USC § 1983 action]). These provisions support the view that the Legislature intended to provide a civil remedy for violation of the provisions of CPL 160.50. Contrary to defendant’s assertions, there is nothing in the history of CPL 160.50 or related statutes indicating a legislative intent to confer a constitutionally derived "substantial right”, such that the violation of that statute, without more, would justify invocation of the exclusionary rule with respect to subsequent independent and unrelated criminal proceedings. Consequently, we conclude that although the statutorily conferred right to the return of one’s photograph serves important purposes and protects important interests, the infringement of that right does not implicate constitutional considerations such as to require the sanction of suppression.
As the dissent notes, we have, in limited circumstances, *717 held that the violation of a statute may warrant imposing the sanction of suppression. However, we have done so only where a constitutionally protected right was implicated, a circumstance not here present (see, e.g., People v Taylor, 73 NY2d 683; People v Gallina, 66 NY2d 52; People v Moselle, 57 NY2d 97). For instance, in Taylor (supra), where there was a failure to comply with the provisions of CPL 690.40 (1), requiring the court to record or summarize on the record an examination made in determining an application for a search warrant, we found suppression appropriate because fundamental Fourth Amendment rights were implicated. We concluded that compliance with the statute was "indispensable to the determination whether the constitutional requirements for a valid search and seizure have been met” (People v Taylor, id., at 690). Similarly, in Gallina (supra), suppression was required where certain wiretap evidence was obtained pursuant to a warrant whose issuance depended on information obtained from a prior wiretap illegally procured in violation of the extension and inactivation requirements of CPL article 700. In Moselle (supra), a constitutionally protected interest was clearly implicated where blood tests were administered without the defendant’s consent or court order in violation of subdivisions (1) and (2) of former section 1194 of the Vehicle and Traffic Law and CPL 240.40.
In each of these instances, the statutory imperative operates directly to protect and preserve a constitutionally guaranteed right of the citizen. By contrast, the right conferred by CPL 160.50 to have one’s photographs returned does not implicate fundamental constitutional interests or considerations.
Moreover, while we have held that an individual’s right to due process is violated by improper access to records sealed pursuant to CPL 160.50 (Matter of Dondi, 63 NY2d 331, 339), we noted that such violation "in itself will not necessarily justify a dismissal of the complaint,” and concluded that dismissal of the complaint therein was warranted because of the existence of other significant factors, in addition to the statutory violation. To require the remedy of suppression for a violation of CPL 160.50, without more, would impermissibly expand the exclusionary rule, and would be inappropriate, particularly where, as here, the violation had no bearing on the reliability of the identification process and no relevance to *718 the determination of defendant’s guilt or innocence at his trial.[2]
The trial court found that the photographic array procedure utilized by the police "was conducted in a lawful manner and was in no way impermissively [sic] suggestive so as to constitute a violation of defendant’s constitutional rights.” Indeed, no claim to the contrary has been raised. Thus, inasmuch as it does not appear that the in-court identification testimony was obtained under circumstances inconsistent with any constitutional rights of the defendant, the technical violation of CPL 160.50 does not warrant suppression of the identification testimony.
II
Defendant’s contention that the evidence was legally insufficient to sustain his conviction for robbery in the second degree is without merit. The Appellate Division found, upon its factual review, that the trial evidence was legally sufficient to sustain defendant’s conviction for robbery in the second degree. We agree. Viewing that evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we conclude that it provided a sufficient basis upon which the jury could rationally conclude that defendant and his codefendant forcibly deprived Hagenbach of the use of his truck and caused him physical injury (see, Penal Law § 160.10 [2] [a]).
Accordingly, the order of the Appellate Division should be affirmed.

. CPL 160.50 provides, in pertinent part:
"Upon the termination of a criminal action or proceeding against a person in favor of such person * * * * unless the district attorney * * * demonstrates to the satisfaction of the court that the interests of justice require otherwise * * * the court wherein such criminal action or proceeding was terminated shall enter an order, which shall immediately be served by the clerk of the court upon the commissioner of the division of criminal justice services and upon the heads of all police departments and other law enforcement agencies having copies thereof, directing that:
"(a) every photograph of such person and photographic plate or proof, and all palmprints and fingerprints taken or made of such person pursuant to the provisions of this article * * * shall forthwith be returned to such person, or to the attorney who represented him at the time of the termination of the action or proceeding”.

. Our holding here is consistent with the underlying premise of the Dondi decision. In Dondi, we implicitly held that a violation of CPL 160.50, standing alone, was insufficient to require the drastic remedy of dismissal of the complaint — a remedy which would preclude further prosecution. Similarly, in the context of a criminal prosecution, imposition of the severe sanction of suppression often results in an inability to successfully proceed with prosecution of the defendant.