OPINION OF THE COURT
 

 Ciparick, J.
 

 The question presented is whether respondent’s determination dismissing petitioner from his employment as a State Trooper must be annulled because some of the evidence admitted at the disciplinary hearing was obtained through a court order which erroneously unsealed petitioner’s criminal records from the related criminal proceeding which resulted in his acquittal. We conclude that annulment is not required under the facts of this case.
 

 In March 1991, criminal and disciplinary proceedings were commenced against petitioner, a State Trooper, based on allegations that he had engaged in sex acts with a 13-year-old girl. The parties consented to postpone the disciplinary hear
 
 *574
 
 ing pending disposition of the criminal charges. A jury acquitted petitioner of all charges on June 30, 1992, and County Court, Fulton County, issued an order sealing petitioner’s criminal record pursuant to CPL 160.50.
 

 Thereafter, the State Police proceeded with the disciplinary hearing. County Court granted the State Police’s application to unseal for use at the disciplinary hearing certain of petitioner’s criminal records pursuant to CPL 160.50 (1) (d). The statute delineates instances where sealed records may be released to specified persons and agencies. The evidence sought consisted of tape recordings of telephone conversations between petitioner and the complainant and between petitioner and the complainant’s foster mother, two written statements of the complainant and one of her foster mother, and the transcript of trial testimony of witnesses expected to testify at the hearing.
 

 Petitioner simultaneously appealed and moved to stay County Court’s unsealing order. The Appellate Division declined to grant a stay. While the appeal was pending, a Hearing Board found petitioner guilty of all charges and recommended dismissal. Respondent Superintendent of State Police accepted the Board’s recommendation and dismissed petitioner.
 

 On appeal, the Appellate Division reversed so much of County Court’s order as granted the application to unseal petitioner’s record (192 AD2d 142). The Court concluded that CPL 160.50 (1) (d) did not authorize County Court to give the State Police access to petitioner’s sealed records and indicated that its determination that County Court erred in unsealing the records would be a proper subject for a CPLR article 78 proceeding challenging petitioner’s dismissal
 
 (id.,
 
 at 145-146).
 

 Petitioner thereupon commenced this proceeding. The Appellate Division confirmed respondent’s determination and dismissed the petition. We now affirm.
 

 Petitioner’s foremost contention on this appeal is that respondent’s determination must be annulled because the Hearing Board considered evidence that had been sealed pursuant to CPL 160.50. Implicit in his argument for annulment is the premise that the unsealed evidence was inadmissible at his hearing. Although County Court should not have granted the application to unseal petitioner’s records, we agree with the Appellate Division that this error did not necessarily render
 
 *575
 
 the unsealed evidence inadmissible at petitioner’s disciplinary hearing.
 

 In
 
 People v Patterson
 
 (78 NY2d 711), we addressed the question of the appropriate remedy for a violation of CPL 160.50. There, the police obtained the defendant’s photograph from his sealed criminal file in an unrelated matter and used it in a photo array which resulted in his identification and prosecution for second degree robbery. We concluded that, despite the statutory violation, suppression of in-court identification testimony was not required
 
 (id.,
 
 at 713). Although CPL 160.50 served important purposes and protected important interests, nothing in its history supported the position that a violation of the statute, without more, required the sanction of suppression
 
 (id.,
 
 at 714-715).
 

 Having concluded that evidence obtained in violation of a CPL 160.50 sealing order need not be suppressed in a criminal proceeding, we discern no basis for excluding from a disciplinary hearing evidence obtained through an erroneous unsealing order. Accordingly, we conclude that the mere reception of erroneously unsealed evidence at petitioner’s disciplinary hearing does not, without more, require annulment of respondent’s determination. In administrative proceedings the burden of proving guilt beyond a reasonable doubt is not applicable and the judicial scope of review is limited to determining whether the agency’s finding of guilt is supported by substantial evidence in the record
 
 (see, Matter of Sowa v Looney,
 
 23 NY2d 329, 335 [mere erroneous reception of evidence is insufficient basis for annulment of determination if it is, " 'on the entire record, supported by substantial evidence’ ”]). Respondent’s determination is supported by substantial evidence in the record, including the complainant’s own testimony, and there is no indication that the admission of the erroneously unsealed evidence operated to deprive petitioner of a fair hearing
 
 (see, People v Patterson, supra).
 

 Petitioner’s argument that the unsealed evidence was admitted in violation of his constitutional rights is unavailing in light of
 
 Patterson,
 
 where we concluded that a violation of CPL 160.50 "does not implicate constitutional considerations” (78 NY2d, at 716;
 
 see, United States v Jakobetz,
 
 955 F2d 786, 802,
 
 cert denied
 
 — US —, 113 S Ct 104).
 

 We have considered petitioner’s remaining arguments and conclude that they are unpreserved or without merit.
 

 
 *576
 
 Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Smith concur; Judge Levine taking no part.
 

 Judgment affirmed, with costs.