Robert GRANDAL, Plaintiff,

v.

The CITY OF NEW YORK, The Police Department of New York, its former Commissioner William Bratton, his current successor, Howard Safir and Police Officers (now Detectives) James Miller and James Pancoast, Defendants.

No. 96 Civ. 6091 (SAS).

United States District Court, S.D. New York.

May 5, 1997.

---

Thomas H. Nooter, Freeman, Nooter & Ginsberg, New York City, for Plaintiff.

Corporation Counsel of the City of New York (James A. Costello, of counsel), New York City, for Defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge:

Plaintiff Robert Grandal brings this action pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated when a photograph taken of him in connection with a prior arrest was used to identify him in a subsequent criminal investigation in violation of state law.[1] Defendants, the City of New York, the Commissioner of the New York City Police Department, Howard Safir, in his official capacity, and the former Commissioner of the New York City Police Department, William Bratton, in his official capacity (collectively "the defendants") move to dismiss the complaint on the ground that plaintiff has failed to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).[2] For the following reasons, the defendants' motion is granted.

### I. *Background*

The undisputed facts are as follow.[3] On March 17, 1988, plaintiff was arrested and taken to the police station where he was photographed and fingerprinted. On October 30, 1988, the resulting indictment was dismissed and sealed, and plaintiff was released from custody. Pursuant to New York Criminal Procedure Law ("CPL") § 160.50, the police department was ordered to return plaintiff's arrest photos to his lawyer.[4]

---

1. Several state law claims were also raised. Plaintiff concedes, however, that these claims are barred by the one year and ninety day statute of limitations pursuant to § 50–i of the New York General Municipal Law. *See* Letter of Thomas Nooter, Plaintiff's Counsel, ("Nooter Letter") dated February 26, 1997.

2. Plaintiff has dropped the New York City Police Department ("NYPD") from this suit because it is not a suable entity. *See* Nooter Letter of February 26, 1997.

3. Defendants agree, for the purposes of this motion only, that the factual allegations in plaintiff's complaint are true. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss at 2 n. 2.

4. CPL § 160.50 provides that upon termination of a criminal action against a person in his favor, any photographs of such person must be returned to the person or his attorney. *See* N.Y.Crim. Pro. Law § 160.50.

Plaintiff's photograph was not returned. *See* Complaint ("Compl.") ¶¶ 11–18.

On June 22, 1994, as part of a robbery investigation, the police showed a book of photos to the victim. Plaintiff's March 17, 1988 arrest photograph was in the book. The robbery victim stated that plaintiff looked like the man who had robbed him. Based on this information, plaintiff was arrested and charged with armed robbery. On March 17, 1995, plaintiff was acquitted on all charges relating to the robbery. Plaintiff now claims that defendants' violation of CPL § 160.50 deprived him of his constitutional rights. *See id.* ¶¶ 19–20.

## II. *Standard of Review*

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true material facts alleged in the complaint and draw all reasonable inferences in the non-movant's favor. *See Kaluczky v. City of White Plains,* 57 F.3d 202, 206 (2d Cir.1995). Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint, because "[t]he issue is not whether a plaintiff will ultimately prevail." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996) (internal quotations marks and citations omitted). Rather, dismissal can only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). *See also Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994).

## III. *Section 1983*

■ To state a cognizable claim under § 1983,[5] "a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and that such violation was committed by a person acting under color of state law." *Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir.1996) (citing *Greenwich Citizens Comm., Inc. v. Counties*

*of Warren and Washington Indus. Dev. Agency,* 77 F.3d 26, 29–30 (2d Cir.1996)). Plaintiff claims that his rights under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment were violated by defendants' failure to comply with CPL § 160.50. *See* Compl. ¶ 28.

■ There is no question that the NYPD violated CPL § 160.50. Yet as an initial matter it should be noted that "the Constitution does not guarantee that only the guilty will be arrested." *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). Moreover, "[t]here is no constitutional right not to be identified as a suspect." *Griffin v. Kelly,* No. 92–8623, 1994 WL 9670, at *4 (S.D.N.Y. Jan. 11, 1994). The issue in this case, therefore, is whether plaintiff has stated a cause of action under § 1983. Specifically: (1) was plaintiff deprived of his right to liberty and property without due process of law when the photograph was used in violation of CPL § 160.50; and (2) was plaintiff deprived of equal protection under the law when the photograph was used in violation of CPL § 160.50.

## A. *Due Process Clause*

■ To formulate a claim under the Due Process Clause, a plaintiff must demonstrate that he "possesses a constitutionally protected interest in liberty, life, or property, and that state action has deprived him [ ] of that interest." *Valmonte v. Bane,* 18 F.3d 992, 998 (2d Cir.1994). *See also Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Generally speaking, "a state rule of criminal procedure ... does not create a liberty interest that is entitled to protection under the federal Constitution." *Watson v. City of New York,* 92 F.3d 31, 37–38 (2d Cir.1996). Rather, in order to merit constitutional protection, a procedure must protect a substantive interest to which an individual has a legitimate claim of entitlement. *See Olim v. Wakinekona,* 461 U.S.

---

5. Section 1983 provides in pertinent part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983).

### 1. *Deprivation of Privacy*

 I turn first to plaintiff's deprivation of liberty claim, which is alleged as a deprivation of privacy claim. The right to privacy protects an individual's interest in avoiding disclosure of information about personal matters. *See Whalen v. Roe*, 429 U.S. 589, 600, 97 S.Ct. 869, 877, 51 L.Ed.2d 64 (1977). Whether the use of the photograph implicates the due process clause depends upon whether plaintiff had a "reasonable expectation of privacy in the information." *Nixon v. Administrator of General Services*, 433 U.S. 425, 458, 97 S.Ct. 2777, 2797, 53 L.Ed.2d 867 (1977). "The reasonableness of a person's expectations depends, in part, upon the relevant statutory restrictions governing disclosure of that information." *Pirozzi v. City of New York*, 950 F.Supp. 90, 94 (S.D.N.Y.1996) (citation omitted). Thus, because a privacy claim "cannot be considered in the abstract," a court should consider the specific provisions of the statute and its legislative history. *Nixon*, 433 U.S. at 458, 97 S.Ct. at 2797. Accordingly, an examination of CPL § 160.50 and it legislative history is appropriate.

CPL § 160.50, which was enacted in 1976, provides in pertinent part as follows:

> Upon the termination of a criminal action or proceeding against a person in favor of such person, ... the record of such action or proceeding shall be sealed and the clerk of the court ... shall immediately notify the commissioner of the division of criminal justice services and the heads of all appropriate police departments and other law enforcement agencies that the action has been terminated in favor of the accused, and ... that the record of such action or proceeding shall be sealed. Upon receipt of notification of such termination and sealing:

> (a) every photograph of such person and photographic plate or proof ... shall forthwith be returned to such person, or to the attorney who represented him ...

The New York Legislature, in enacting CPL § 160.50, felt that "no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law." 1976 McKinney's Session Laws of N.Y. at 2451. To effect the purpose of this statute, the Legislature enacted New York Executive Law § 296(16) in 1976, which makes it an unlawful discriminatory practice for any person or agency to inquire into or take any adverse action in connection with licensing, employment or providing of credit or insurance to an individual in regard to a favorably terminated criminal action. *See* N.Y. Exec. Law § 296. The Legislature also enacted CPL § 160.60 in 1976, which provides that a favorably terminated criminal prosecution shall not operate as a disqualification "of any person so accused to pursue or engage in any lawful activity, occupation, profession or calling," and prohibits inquiry into such prosecution. N.Y. Crim. Pro. Law § 160.60. Consistent with its objective, the Legislature established procedures by which a person can file a complaint relating to unlawful discriminatory practices based on a previously terminated criminal action. *See* N.Y. Exec. Law § 296(16), § 297 *et seq.*

 Admittedly, plaintiff had an expectation that his photograph would be returned. But expectation alone does not give rise to the creation of a constitutionally protected privacy right. As the legislative history of CPL § 160.50 demonstrates, the purpose of having photographs and other indicia of arrest returned is to avoid discrimination against persons who were arrested but never convicted. By enacting CPL § 160.50, the Legislature sought to afford "protection to the accused in the pursuit of employment, education, professional licensing and insurance opportunities." *See People v. Patterson*, 78 N.Y.2d 711, 718, 579 N.Y.S.2d 617, 587 N.E.2d 255 (1991). Plaintiff does not allege that the violation of CPL § 160.50 caused him to be discriminated against in connection with licensing, employment or providing of credit or insurance.[6]

---

**6.** It is worth noting that plaintiff would not be able to suppress identification testimony obtained through a violation of CPL § 160.50. *See*

*Patterson*, 78 N.Y.2d 711, 715, 579 N.Y.S.2d 617, 587 N.E.2d 255 ("the right conferred by CPL 160.50 ... does not implicate fundamental con-

Plaintiff relies on *Anderson v. City of New York,* 611 F.Supp. 481 (S.D.N.Y.1985), for the proposition that CPL § 160.50 created a protectable interest in reputation and privacy. *Id.* at 488. In reaching its decision, *Anderson* relied, in part, on *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), which held that a state statute can create a constitutionally protected liberty interest if it contains "language of an unmistakably mandatory character" such that the intrusion on one's liberty would not occur "absent specified substantive predicates." *Id.* at 471–72, 103 S.Ct. at 871. Based on this standard, the *Anderson* court reasoned that a liberty interest was created by the mandatory language of CPL § 160.50. In *Sandin v. Conner,* 515 U.S. 472, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), however, the Supreme Court abandoned the approach used in *Hewitt,* finding that it "strayed from the real concerns undergirding the liberty protected by the Due Process Clause."

In any event, *Anderson* is distinguishable from the present case. In *Anderson,* the police had failed to seal the plaintiff's arrest record on two prior occasions which had been the subject of a prior lawsuit, "thus giving rise to questions [of] deliberate indifference, gross negligence and acquiescence in a prior pattern of misconduct." *Compton v. Middaugh,* No. 95–552, 1996 U.S. Dist. LEXIS 20874, at *7 (N.D.N.Y. Sept. 22, 1995). Moreover, Anderson claimed that the CPL § 160.50 violation damaged his reputation. In the present case, plaintiff has not alleged either a repeated pattern of misconduct or damage to his reputation. This difference is significant.[7]

▉ The two most recent cases addressing the issue now before the Court, *Griffin v. Kelly,* No. 92–8623, 1994 WL 9670 (S.D.N.Y.

Jan. 11, 1994), and *Compton v. Middaugh,* 1996 U.S. Dist LEXIS 20874, found that a violation of CPL § 160.50 did not state a claim under § 1983. Both cases however, also distinguish *Anderson* on factual grounds, "assuming arguendo [its] continued validity." *Griffin,* 1994 WL 9670, at *4; *Compton,* 1995 U.S. Dist. LEXIS 20874, at *7. Plaintiff argues that his case is factually dissimilar to *Griffin* and *Kelly,* and is controlled by *Anderson.* However, as discussed above, plaintiff, like the plaintiffs in *Griffin* and *Kelly,* fails to allege sufficient facts to give rise to an inference of deliberate indifference, gross negligence or acquiescence in a prior pattern of misconduct. Similarly, plaintiff fails to allege, like the plaintiffs in *Griffin* and *Kelly,* that the violation of CPL § 160.50 damaged his reputation. Thus, plaintiff's allegations are directly analogous to those in *Griffin* and *Kelly,* but not those pled in *Anderson.* For the above reasons, plaintiff fails to state a claim for deprivation of privacy.

### 2. *Deprivation of Property*

▉ Plaintiff's second claim under § 1983 is that defendants deprived him of his property without due process of law. "In order to sustain an action for deprivation of property without due process of law, a plaintiff must 'first identif[y] a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process.'" *Local 342 v. Town Bd. of Town of Huntington,* 31 F.3d 1191, 1194 (2d Cir.1994) (quoting *Mehta v. Surles,* 905 F.2d 595, 598 (2d Cir.1990) (per curiam)).

▉ Thus, as a threshold inquiry, the Court must determine whether plaintiff has demonstrated the existence of a constitutionally protected interest.[8] *See id.* The exis-

---

stitutional interests or considerations," and therefore, suppression of an identification obtained in violation of CPL § 160.50 is not required).

**7.** Both the Supreme Court and the Second Circuit have held that damage to one's reputation, coupled with some other element, will give rise to a due process claim. *See Board of Regents,* 408 U.S. at 573, 92 S.Ct. at 2707; *Valmonte,* 18 F.3d at 999.

**8.** "Property interests, of course are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules of understanding that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents,* 408 U.S. at 577, 92 S.Ct. at 2709.

tence of such an interest is predicated upon the state statute and whether plaintiff has been deprived of the benefit meant to be conferred by that statute. As demonstrated by the legislative history the statutory purpose is to prevent discrimination. Returning the photographs is merely the means of fulfilling that purpose. *See Bernheim,* 79 F.3d at 322 ("[t]o state a cause of action under the due process clause, a plaintiff must show the she has a property interest, created by state law, in the ... benefit that was removed"). If defendants had destroyed the photograph, plaintiff would not be able to assert a due process claim based on deprivation of property. The statutory purpose would still be satisfied despite the failure to return the photograph.

 Even if plaintiff had a property right in the photograph, he must demonstrate that he has no adequate remedy in state court. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984). CPL § 160.50 explicitly provides such a remedy—plaintiff is able to get a court order to compel production of the photograph. *See* CPL § 160.50. Plaintiff must then show that the remedy is inadequate or unavailable in order to state a constitutional claim based on deprivation of property. *See Marino v. Ameruso,* 837 F.2d 45, 47 (1988). Plaintiff has not alleged sufficient facts to satisfy this burden.

B. *Equal Protection Clause*

 The Equal Protection Clause requires state actors to treat similarly situated people alike. *See Giano v. Senkowski,* 54 F.3d 1050, 1057 (2d Cir.1995). "To prove an equal protection violation, claimants must prove purposeful discrimination, directed at an identifiable or suspect class." *Id.* (citing *McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987); *Kadrmas v. Dickinson Pub. Schs.,* 487 U.S. 450, 457–58, 108 S.Ct. 2481, 2486–87, 101 L.Ed.2d 399 (1988)). Here, plaintiff presents no evidence that defendants purposefully discriminated against him based on his being a member of some identifiable or suspect class. In fact, plaintiff does not claim to be a member of any class. While it is alleged that a police officer said he would "get" plaintiff "somehow, someday, sooner or later," Compl. ¶ 16, such an allegation does not satisfy plaintiff's burden. Plaintiff's Equal Protection claim must therefore fail.

IV. *Conclusion*

Defendants' motion to dismiss is granted. Plaintiff has failed to allege a constitutional injury which could provide a basis for relief under 42 U.S.C. § 1983. The Clerk is directed to enter judgment in favor of the defendants and to close this case.

**SO ORDERED.**