OPINION OF THE COURT
Stephen Rooney, J.
On May 23, 2000, defendant pleaded guilty to one count of criminal possession of stolen property in the third degree in full satisfaction of Indictment No. 84 of 1999. The defendant moves to seal, pursuant to CPL 160.50, charges that were dismissed from the indictment prior to entry of his guilty plea.
CPL 160.50, entitled “Order upon termination of criminal action in favor of the accused,” creates a statutory right for an accused person to have records sealed when a criminal action or proceeding is terminated in favor of the accused. In a discussion of the legislative objective underlying the enactment of CPL 160.50, the Court in People v Patterson (78 NY2d 711, 716 *501 [1991]) stated that the “over-all scheme of the enactments demonstrates that the legislative objective was to remove any ‘stigma’ flowing from an accusation of criminal conduct terminated in favor of the accused, thereby affording protection (i.e., the presumption of innocence) to such accused in the pursuit of employment, education, professional licensing and insurance opportunities.” However, this statutorily conferred right is only available when a criminal action or proceeding is terminated in favor of the accused. CPL 160.50 (3) (a) through (l) define when a criminal action or proceeding shall be considered terminated in favor of the accused. Subdivision (3), insofar as it applies to this motion, reveals that a favorable termination refers only to dismissals of entire accusatory instruments. By pleading guilty to one count of the indictment, the defendant accepted the collateral consequences which flow from a felony conviction, including the fact that the conviction and court records are matters of public record. CPL 160.50 does not provide relief for partial dismissals, such as the petitioner is requesting here. Therefore, defendant’s motion is denied.
The defendant also moves for an order directing the Division of Criminal Justice Services to correct defendant’s criminal history by removing all references to burglary in the first degree under Indictment Nos. 84 and 271 of 1999. The People concede that references to burglary in the first degree were caused by a typographical error in Indictment No. 271 of 1999 and join in defendant’s motion. Inasmuch as the Division of Criminal Justice Services has already corrected defendant’s criminal history and the indictment was amended on the record to reflect the accurate charge, the issue is moot and no court order is necessary.