■ In the Matter of SCOTT D., Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [786 NYS2d 343]—

In a proceeding pursuant to CPLR article 75 and Education Law § 3020-a to review a determination of a hearing officer dated December 4, 2002, which, after a hearing, found Scott D. guilty of misconduct and terminated his employment with the New York City Department of Education, formerly known as the New York City Board of Education, Scott D. appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated November 3, 2003, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

While the appellant correctly asserts that the Supreme Court

improperly unsealed the records pertaining to the terminated criminal proceeding against him (*see Matter of Scott D.*, 13 AD3d 622 [2004] [decided herewith]), we reject the contention that the use of the unsealed records at the disciplinary hearing brought by the New York City Department of Education against the appellant requires that the hearing officer's determination be set aside (*see Matter of Charles Q. v Constantine,* 85 NY2d 571 [1995]; *People v Patterson,* 78 NY2d 711 [1991]; *People v Torres,* 291 AD2d 273 [2002]). We also reject the appellant's assertion that the hearing officer discriminated against him based on his arrest, as the record demonstrates that he was disciplined for the conduct underlying the arrest.

The Supreme Court properly denied the petition to set aside the hearing officer's determination, since the determination was supported by substantial evidence and the appellant was not deprived of a fair hearing by the admission into evidence of the erroneously-unsealed records (*see Matter of Charles Q. v Constantine, supra*). Smith, J.P., Luciano, Rivera and Lifson, JJ., concur.