People v Anonymous (2018 NY Slip Op 03097)





People v Anonymous


2018 NY Slip Op 03097


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


5582 1133/12

[*1]The People of the State of New York, Respondent,
v
Anonymous, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Katherine M.A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia P. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered September 10, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second violent felony offender, to a term of eight years, affirmed.
Defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree. The court agreed to delay sentencing on the condition that defendant was not rearrested or did not commit any new crimes. Prior to sentencing, defendant was arrested for robbery. He testified on his own behalf at the trial and denied the robbery while admitting to a drug crime. Defendant was acquitted at that trial and the record was sealed. The People in the instant matter sought an order to unseal defendant's testimony during sentencing to show that defendant violated a condition of the plea based on defendant's statements during the robbery trial. The court unsealed the record pursuant to CPL 160.50(1)(d)(ii). The issue on appeal is whether the unsealing order in this case was justified. We conclude that the People were not entitled to an order unsealing the record for the purpose of making a sentencing recommendation. However, defendant is not entitled to a new sentencing proceeding or a reduced sentence.
In Matter of Katherine B. v Cataldo (5 NY3d 196 [2005]), the Court of Appeals noted that there are only a few narrow exceptions to the prohibition against releasing sealed records. It held that the "law enforcement agency" exception in CPL 160.50(1)(d)(ii) did not authorize the unsealing of records for sentence recommendation purposes by the prosecution. The People attempt to distinguish Katherine B. by arguing that the unsealed testimony here was given while defendant was awaiting sentencing and did not involve conduct that predated the commencement of the instant case. We find this to be a distinction without a meaningful difference in terms of the protections offered by the sealing statute.
The People suggest that the circumstances here are extraordinary and that unsealing was necessary to fulfill the court's general due process duty to sentence based on accurate and reliable information and its statutory duty to "take into consideration the defendant's record of compliance with pre-sentence conditions ordered by the court" (CPL 400.10[4]). However, the sentencing court in Katherine B. was under an identical due process duty and a similar statutory duty (see CPL 380.50[1]; see also CPL 390.40[1]).
We conclude that a distinction may not be drawn between Katherine B. and this case on the ground that the unsealed material here did not relate to "acquitted conduct" — i.e., the robbery regarding which defendant was tried and acquitted — but rather involved an uncharged drug crime. The core purpose of the sealing statute is to protect against the disclosure of information directly relating to a charge that terminates in a defendant's favor. Prohibiting the prosecution from obtaining defendant's sealed trial testimony in this case comports with the basic principle that the defendant "suffers no stigma as a result of his having once been the object of an unsustained accusation" (Matter of Hynes v Karassik, 47 NY2d 659, 662 [1979]).
However, while we agree with defendant that the unsealing was improper, we reject his request for resentencing. In People v Patterson (78 NY2d 711 [1991]), the Court of Appeals held that suppression was not required where the police obtained identification evidence in violation of CPL 160.50, and the witness then identified the defendant in court. The Court ruled that "there is nothing in the history of CPL 160.50 or related statutes indicating a legislative intent to confer a constitutionally derived substantial right', such that the violation of that statute, without more, would justify invocation of the exclusionary rule with respect to subsequent independent and unrelated criminal proceedings" (id. at 716; see also People v Greene, 9 NY3d 277, 280 [2007]). We conclude that defendant is entitled to no greater relief based on the statutory violation that resulted in the court's consideration of the improperly unsealed information at sentencing than he would have been entitled to had the information been admitted at trial (see Barry Kamins, New York Search and Seizure, § 1.01[7][k] ["(c)ourts have uniformly held that in sentencing a defendant, a court may properly consider evidence that was previously suppressed"]; see e.g. People v Brown, 281 AD2d 700, 702 [3d Dept 2001], lv denied 96 NY2d 826 [2001]). Thus, we are obligated to affirm based on Patterson.
We need not address the People's argument that consideration of the unsealed transcript was harmless in light of independent evidence in the record that defendant engaged in a drug transaction, violating a condition of his promised sentence, while he was awaiting sentencing.
In light of our decision, the record of the robbery trial should be resealed.
All concur except Tom and Oing, JJ. who concur in a separate memorandum by Tom, J. as follows:




TOM, J. (concurring)


I write separately because it is unnecessary to determine whether or not the People were entitled to an order unsealing the record. As the majority recognizes, regardless of whether the unsealing was permissible, defendant is not entitled to a new sentencing proceeding at which the unsealed material would be excluded or a reduced sentence.
Indeed, the "violation of a statute does not, without more, justify suppressing the evidence to which that violation leads" (People v Greene, 9 NY3d 277, 280 [2007], citing People v Patterson, 78 NY2d 711, 716—717 [1991]). In Patterson, the Court of Appeals held that suppression of evidence at trial was not required for violations of CPL 160.50. Similarly, in Matter of Charles Q. v Constantine (85 NY2d 571, 575 [1995]), the Court of Appeals found that a violation of CPL 160.50 did not require the exclusion of evidence from a disciplinary proceeding. Thus, if a sealing-statute violation does not entitle a defendant to suppression of improperly unsealed material at trial or a disciplinary hearing, such a violation would not entitle defendant to a resentencing (see People v Mosquea, 18 AD3d 228 [1st Dept 2005]).
Moreover, the parties disagree whether any additional circumstances existed which would permit the court to unseal criminal records, in particular to effect a "legal mandate" that would be "impossible to fulfill without unsealing criminal records" (Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 581 [2014]). In this regard, they dispute whether the sentencing court's mandate to determine whether defendant complied with the plea conditions (see CPL 400.10 [1]-[4]) warranted the unsealing. The parties further argue over whether the facts of this case - including that the court knew in advance what the records contained, and that the unsealing was only to learn of the crimes defendant admitted committing under oath and not about the crimes he was acquitted of - are distinct enough from Matter of Katherine B. v Cataldo (5 NY3d 196 [2005]) to warrant a different result.
While we do not need to make a determination of this issue to decide this appeal, the Court of Appeals has recognized "other sources of authority permitting access to sealed records" beyond those individuals and agencies enumerated in CPL 160.50 (Rubenstein, 23 NY3d at 580; see also Matter of Dondi, 63 NY2d 331 [1984] [grievance committee entitled to access sealed criminal records]).
It is my opinion that we cannot state whether the Court of Appeals would find that the sentencing court's legal mandate to determine whether a defendant complied with plea conditions would permit the court to access sealed criminal records for that purpose. As argued [*2]by the People, such permission may be appropriate when faced with the circumstances presented here, particularly that the unsealing was limited to discovering admissions made by the defendant about crimes he committed, and not to utilize information about other crimes he was acquitted of after trial under a separate indictment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK