People v Pontoon (2024 NY Slip Op 50449(U))

[*1]

People v Pontoon

2024 NY Slip Op 50449(U)

Decided on April 17, 2024

Supreme Court, Kings County

Moses, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2024
Supreme Court, Kings County

The People of the State of New York

against
James Pontoon, Defendants.

Docket No. SCR-77171-23

For the People: Rina Lee, Esq.
Kings County District Attorney's Office
For Defendant: Jacob Uriel, Esq.
Uriel Criminal Defense PC

H. Jacob Moses, J.

The defendant is charged with Criminal Possession of a Weapon in the Second Degree and related charges. It is alleged that on December 8, 2023, at approximately 5:25 a.m. at 1000 President Street, the police executed a search warrant. Upon entering and informing the defendant of the warrant, the defendant stated that he had a loaded, black handgun in a movie case by a China cabinet. The police recovered the loaded firearm from the living room where the defendant stated it would be.
Subsequently, the New York City Police Department Evidence Collection Team (hereinafter, "ECT") collected DNA swabs from various parts of the firearm, which were submitted to the Office of the Chief Medical Examiner (hereinafter, "OCME") for forensic testing.
The same day, the police recovered a cigarette butt that was allegedly abandoned by the defendant which was also sent to the OCME for forensic testing.
The OCME performed DNA analysis on these swabs and developed a DNA profile, Male Donor A, in addition to noting other unknown contributors to the swabs, which were deemed suitable for comparison.
The OCME performed DNA analysis on the cigarette butt. The report indicated that the defendant's DNA matches the DNA profile for Male Donor A and is included as a contributor to the DNA mixture.
The People now move, pursuant to Criminal Procedure Law (CPL) section 245.40(1)(e), for an order compelling the defendant to provide a buccal swab sample for the purpose of DNA testing, serological testing, and comparison testing. The defendant was provided an opportunity to respond to the People's application but has failed to do so to date. CPL section 245.40(1)(e) states
After the filing of an accusatory instrument, and subject to constitutional limitations, the [*2]court may, upon motion of the prosecution showing probable cause to believe the defendant has committed the crime, a clear indication that relevant material evidence will be found, and that the method used to secure such evidence is safe and reliable, require a defendant to provide non-testimonial evidence, including to: (e) permit the taking of samples of the defendant's blood, hair, and other materials of the defendant's body that involves no unreasonable intrusion thereof.
The People intend to compare the defendant's DNA sample to the DNA found on the firearm.
In the Matter of Abe A., 56 NY2d 288 (1982), the Court of Appeals established the standard for requiring a suspect to provide non-testimonial evidence in a criminal investigation. The Court held that such an order "may issue provided the People establish (1) probable cause to believe the suspect has committed the crime, (2) a 'clear indication' that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable" (id. at 291). The Court further instructed that in making such a determination, the trial court must balance the seriousness of the crime, the importance of the evidence and the unavailability of a less intrusive means of obtaining a sample against the defendant's constitutional right to be free from bodily intrusion (id.).
Here, the Court finds that the statutory provisions have been met and the People have satisfied the requirements of Abe A. The factual allegations in the People's affirmation, as well as the criminal court complaint, determine that there is probable cause to believe that the defendant committed the crimes for which he is charged. In addition, there is a clear indication that the evidence sought will provide relevant, material information which can be used for comparison, confirmation, or elimination purposes. This court further finds that the method to be used to obtain the DNA, namely an oral buccal swab, is safe, reliable, and minimally invasive.
The defendant argues that the People's motion should be denied as it was not filed within forty-five days of the defendant's arraignment (see CPL § 255.20). However, the defendant's reliance on CPL § 255.20 is misplaced. CPL § 255.10(1) explicitly states that a "'[p]re-trial motion' as used in this article means any motion by a defendant" (emphasis added). Thus, Article 255 does not govern the People's application.
Nevertheless, the court does recognize that the People's motion was not made within forty-five days of receiving the most recent OCME report. The defendant was arraigned on December 8, 2023. The People received the latest forensic report identifying DNA results suitable for comparison on February 2, 2024, but they did not file the instant motion until March 22, 2024. Former CPL § 240.90(1) provided that a motion by a prosecutor for discovery "shall be made within [45] days after arraignment, but for good cause shown may be made at any time before commencement of trial." However, CPL Article 240 was repealed and replaced with CPL Article 245.
In enacting CPL § 245.40, the Legislature abandoned the forty-five-day time limit in CPL § 240.90. Nowhere in CPL Article 245 does it contain any time limit within which a motion to compel must be made. Even if the People were somehow beyond a forty-five-day time limit, the delay itself has not caused the defendant any prejudice (People v. Lewis, 44 AD3d 422, 422-423 [1st Dept 2007], lv denied 9 NY3d 1035 [2008]; see also People v. Kluge, 180 AD3d 705, 709 [2d Dept 2020]). Further, any "timing error did not so infringe upon any constitutional right as to compel preclusion of the evidence concerning defendant's refusal to provide a DNA sample" (People v. Vieweg, 155 AD3d 1305, 1309-10 [3d Dept 2017], citing People v. Patterson, 78 NY2d 711, 716-717 [1991]; People v. Finkle, 192 AD2d 783, 787-788 [3d Dept 1993], lv denied 82 NY2d 753 [1993]). Although approximately forty-nine days elapsed from [*3]when the OCME generated their most recent written report to when the People filed the instant motion, in light of the elimination of the forty-day time period in CPL § 240.90, the court declines to reject the People's motion as untimely.
For the reasons set forth above, the People's request for an order permitting the taking of a buccal swab for DNA analysis and comparison is hereby GRANTED to the extent indicated below and the defendant's motion for a protective order is GRANTED to the extent indicated below:
It is hereby
ORDERED, that oral swab samples be taken from the body of defendant JAMES PONTOON in a manner not involving an unreasonable intrusion thereof or risk of serious physical injury thereto; and it is further
ORDERED, that for the purpose of taking the oral swab samples, defendant JAMES PONTOON, must be made available for New York City Court Officers, Detectives of the New York City Police Department and/or Detective Investigators from the Kings County District Attorney's Office, to take the oral swab samples, which representative will thereafter take custody of said oral swab samples; and it is further
ORDERED, that the OCME is directed to compare the known DNA profile of defendant JAMES PONTOON strictly to the items of evidence submitted in association with FB23-07629; and it is further
ORDERED, that OCME is directed to refrain from entering the DNA profile of defendant JAMES PONTOON into the OCME DNA databank, unless there is a conviction in this case; and it is further
ORDERED, that the OCME is directed to refrain from entering the DNA profile of defendant JAMES PONTOON into any state-wide or federal DNA database unless and until there is a conviction in this case.
ORDERED, that the OCME is directed to refrain from testing the DNA sample of defendant JAMES PONTOON for the presence of any diseases or genetic disorders.
This is the decision and order of the Court.
So Ordered.
Dated: April 17, 2024
Brooklyn, NY
H. Jacob Moses, A.J.S.C.